*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5623-GW(JCx) | Date | September 3, 2015 |
|---|---|---|---|
| Title | *Shirley Barrios v. Wal-Mart Stores, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION**

      Shirley Barrios ("Plaintiff") filed suit in Los Angeles County Superior Court on June 1, 2015, naming Wal-Mart Stores, Inc. ("Wal-Mart"), Cindy Samaniego and Chris Mason as defendants (collectively "Defendants"). Among her eight causes of action, her original Complaint contained a single federal claim, for retaliation for the exercise of Family Medical Leave Act rights, pursuant to 29 U.S.C. § 2616(a) and 29 C.F.R. § 825.220(c). This was also the only claim on which Samaniego and Mason were named as defendants.

      On July 24, 2015, Wal-Mart removed the case to this Court, having been served with the Complaint on June 25, 2015. *See* Notice of Removal ¶ 3. Wal-Mart gave no explanation for why Samaniego and Mason did not join in that removal, but Plaintiff now admits that Samaniego and Mason have not yet been served, meaning their joinder was unnecessary. *See* Docket No. 11-1, at 2:25-26. On August 3, 2015, without seeking leave to do so, Plaintiff filed a First Amended Complaint ("FAC"). *See* Docket No. 7; *see also* Fed. R. Civ. P. 15(a)(1)-(2) (allowing a single amendment as of right within 21 days after serving a pleading or within 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (3), or (f)).[1] The FAC drops the Complaint's sole federal claim, and replaces it with a claim for "Harassing and Hostile Work Environment" under California Government Code § 12940(j). That new claim is pled against Defendants and is – again – the only claim pled against Samaniego and Mason.

---

[1] Wal-Mart has not objected to, nor moved to strike, the FAC in light of its seemingly improper filing. In any event, the Court could treat its filing as an implied motion for leave to amend, and the Court sees no reason – other than the failure to file an actual motion – to deny such a request under the applicable Rule 15 standards and its liberal amendment policy.

                                                                                                                                                                                      :

Initials of Preparer    JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5623-GW(JCx) | Date | September 3, 2015 |
|---|---|---|---|
| Title | *Shirley Barrios v. Wal-Mart Stores, Inc., et al.* | | |

Plaintiff then filed a motion to remand,[2] arguing that the sole basis for federal question jurisdiction is now lacking and that the Court should decline supplemental jurisdiction over the remaining state law claims. Wal-Mart responded, arguing that the Court should exercise its discretion to keep the state law claims under its supplemental jurisdiction power, and that the Court would have complete diversity over the FAC in any event because, under fraudulent joinder, Samaniego's and Mason's citizenships[3] should be ignored.

The Court will remand this case and vacate the September 14, 2015, hearing set for this motion and the Scheduling Conference set for that same day. First, it agrees with Plaintiff that the factors governing exercise of discretion with respect to maintaining supplemental jurisdiction over state law claims, when only state law claims remain,[4] counsel in favor of rejection of such jurisdiction when the case is in its early stages and has only been before this Court for a matter of weeks. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-51 & n.7 (1988); *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996), *overruled on other grounds in Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*). Moreover, under the approach taken in *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490-91 & n.3 (9th Cir. 1995), which Wal-Mart does not so much as mention in its Opposition, the Court sees no indication of improper jurisdictional manipulation. Given this approach to the issue (and the fact that only state law claims remain), the Court has no need to discuss whether or not the state law claims "predominate."

---

[2]Even if the Court were to agree with Wal-Mart that – despite Wal-Mart's attorneys' failure to respond to Plaintiff's counsel's communications within a week – Plaintiff failed to properly meet-and-confer under Local Rule 7-3 before filing this motion, the Court views any such violation as harmless in this case, as it is clear that the parties do not agree as to the proper resolution of this motion.

[3]The FAC does not actually address the citizenship of Samaniego and/or Mason, alleging only their California residences. *See* FAC ¶¶ 3-4. Plaintiff similarly alleged only her own residence. *See id.* ¶ 1. Citizenship, not residence, is the touchstone for diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As to Wal-Mart, Plaintiff alleged only its state of incorporation, not its principal place of business. *See* FAC ¶ 2. In its Opposition, Wal-Mart addresses the proper measure of citizenship for both Plaintiff and itself, *see* Docket No. 13, at 6:13-7:7, but does not address Samaniego and/or Mason (because of its assertion that they have been fraudulently joined). The Court therefore assumes that Samaniego and Mason are California citizens and would ordinarily prevent complete diversity.

[4]In her Reply, Plaintiff curiously indicates that she plans to *re-allege* her FMLA retaliation claim. *See* Docket No. 16 at 1:27-28. That would, of course, reinsert a federal claim into the case and provide a basis for federal jurisdiction. Plaintiff appears to believe that the balance of factors found in 28 U.SC. §1367(c) would still permit remand. But with an "anchor" federal claim, no balance of factors under section 1367(c) would permit remand of the *entire* case. However, at this point in time, Plaintiff's intention is just that – an intention, a hypothetical. As it stands, there is no federal claim in the FAC, and the Court's analysis set forth above stands.

:

Initials of Preparer   JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5623-GW(JCx) | Date | September 3, 2015 |
|---|---|---|---|
| Title | *Shirley Barrios v. Wal-Mart Stores, Inc., et al.* | | |

      Second, the Court disagrees with Wal-Mart that the high standards for fraudulent joinder – requiring "clear and convincing evidence" that the joinder is a sham, *see Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) – have been met here (notwithstanding Plaintiff's relatively weak response on this point, *see* Docket No. 16 at 5:19-24).[5] Wal-Mart argues that the FAC does not state any facts about Samaniego and/or Mason, and does not mention them outside of the early paragraphs in which they are introduced as defendants. But the FAC does allege, on numerous occasions, that "Defendants" took or failed to take certain actions in the wake of Plaintiff's hand injury. *See* FAC ¶¶ 16-18, 20, 48-51; *see also id.* ¶ 7 (defining all three defendants as "Defendants"). Even if that would be an improper tactic under federal pleading standards or, in fact, even if the FAC had not mentioned Samaniego or Mason at all beyond those introductory paragraphs, the question for fraudulent joinder purposes is not whether Plaintiff has simply failed to state a claim against them. It is whether "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials*, 494 F.3d at 1206.

      Fraudulent joinder analysis is not a substitute for a Rule 12(b)(6) motion, because such motions often result in a permissive amendment to address any shortcomings in the allegation – *i.e.*, there is still a possibility that a claim can be stated. Thus, the Ninth Circuit has applied the fraudulent joinder doctrine where there is *no possibility* that the plaintiff can state a cause of action against the resident, non-diverse defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). In other words, fraudulent joinder is not shown simply because the action is likely to be dismissed against that defendant. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2014), § 2:2467, at 2D-44. Wal-Mart has not offered any argument suggesting that Samaniego and Mason cannot be liable, as a matter of law, for "Harassing and Hostile Work Environment." As to any *current* deficiency(ies) in the allegations against Samaniego and/or Mason, Plaintiff clearly could attempt to amend to bolster her allegations.

      For the foregoing reasons, the Court grants Plaintiff's motion to remand; vacates the September 14, 2015 hearing date on that motion and the Scheduling Conference set for that same day; and remands this case back to state court forthwith.

---

[5] It is not even necessarily clear that the fraudulent joinder doctrine even applies to this post-removal change in the case. *See* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2013), § 2:3658, at 2D-225 - 226.

                                                                                                                                      :

Initials of Preparer     JG